Bruce H. Beckmann (BB-2952)
Rosensteel & Beckmann LLC
90 Park Avenue, Suite 1710
New York, NY 10016
Tel. (212) 808-4848
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHARIF A. LAWSON, SR.,

                                       Civil Case No. 07 CIV 8678 (SAS)(RLE)

                 Plaintiff

- against -

CALRAY GAS HEAT CORP.,

                 Defendant
-------------------------------------------------------------X

## DEFENDANT CALRAY GAS HEAT CORP.'S
## ANSWER TO THE AMENDED COMPLAINT

Defendant Calray Gas Heat Corp. ("Calray") treated plaintiff Sharif A. Lawson, Sr. ("Lawson") fairly and without regards to race. He was not discriminated against and the termination of his employment was neither retaliatory nor discriminatory but was in fact based upon legitimate business reasons. Accordingly, Calray, by and through its attorneys, Rosensteel & Beckmann LLC, as and for its Answer to the Amended Complaint, respectfully alleges:

1.     Calray admits, upon information and belief, the allegations at Section "I" of the Amended Complaint as sets forth Lawson's name and address; admits that Calray employed Lawson at the address stated; and denies that the name of the defendant is properly set forth or matches the caption (Lawson was employed by Calray, and not by its president in his individual capacity) and ascribes this to unintentional pro se error in completing the form.

2.     Calray denies the allegations set forth in Section "II" of the Amended

(v.5)                          - 1 -

Complaint; specifically denies the statement of facts set forth in the attachment; specifically denies that Calray is "still committing these acts" (Lawson was discharged approximately one year before the Amended Complaint was filed); and specifically denies that Lawson's discharge was in any manner race related.

3. Calray lacks sufficient knowledge or information to form a belief with respect to the allegations set forth at Section "III" of the Amended Complaint.

4. Calray denies the allegations set forth in Section "IV" of the Amended Complaint, and specifically alleges and avers that Lawson is not entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

5. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

6. Upon information and belief, Lawson has failed to mitigate his damages, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

7. Lawson has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

8. At all times relevant to this action, Calray acted lawfully and in good faith without intent to deny Lawson any rights whatsoever and without intent to discriminate or retaliate against Lawson on the basis of race or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

9. At all times relevant hereto, Calray had a specific policy against unlawful discrimination and harassment in the workplace, which policy was well-known to employees,

including Lawson. Lawson unreasonably failed to take advantage of the preventative or corrective opportunities provided for therein for resolution of alleged claims of discrimination or harassment.

10. At all relevant times, Calray followed and enforced its anti-discrimination and anti-harassment policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

11. Lawson's employment with Calray was at-will, and all actions taken by Calray within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice, ill-will or discriminatory intent toward Lawson.

### SEVENTH AFFIRMATIVE DEFENSE

12. Calray did not have notice or knowledge of, and did not encourage, condone or acquiesce in any alleged discriminatory conduct by any Calray employee.

13. To the extent that Calray became aware of any alleged discriminatory conduct by any Calray employee, Calray took prompt and adequate steps to investigate and remedy such conduct.

### EIGHTH AFFIRMATIVE DEFENSE

14. Some or all of Lawson's claims are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

15. This Court has lacks jurisdiction over the subject matter of this action in that the business of Calray - - a local plumbing and heating service company licensed by the City of New York and legally incapable of performing such services outside of the City of New York

(and by extension, outside the State of New York) and not performing any such services outside of the City and State of New York - - is not an employer engaged in commerce among the several states, or an industry affecting commerce, as contemplated by the Civil Rights Act of 1964.

### TENTH AFFIRMATIVE DEFENSE

16. Lawson's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

17. Lawson's claims are frivolous and groundless and known to him to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith and for vexatious reasons for the purpose of harassing Calray and its principals.

### FIRST COUNTERCLAIM AGAINST LAWSON FOR HARASSMENT AND INTERFERENCE WITH BUSINESS RELATIONS

18. Calray repeats and realleges all admissions, denials and assertions hereinabove pleaded with the same force and effect as if repeated at length.

19. Following the termination of Lawson's employment, Lawson embarked upon a program of intentional retribution and harassment, with no legitimate purpose other than to seek an unearned payday of, in Lawson's own words, "$1 Billion."

20. In furtherance of his plan, Lawson placed repeated and harassing telephone calls to the officers of Calray, including the president, vice-president and to other persons at all levels within the organization, at all times throughout the workday, making false

accusations of wrongdoing and threatening legal action if his demands were not met.

21. Lawson's barrage of unsolicited calls were plainly intended to, and did in fact, cause substantial disruption of Calray's business operations.

22. Lawson was repeatedly requested to cease making calls to Calray personnel during business hours (and specifically requested by the president to stop calling him on his personal cell phone when he was not in the office); however, Lawson continued his tirades, unabated.

23. Upon information and belief, during the period post-termination, to date, Lawson has initiated approximately 100 unsolicited telephone calls to Calray personnel.

24. By virtue of Lawson's unlawful, vindictive and bad faith actions directed toward Calray, Lawson has become liable to Calray for its actual damages, and for punitive damages in the amount of $1,000,000.

**WHEREFORE**, Calray respectfully requests that judgment be entered:

A. Dismissing the Amended Complaint, with prejudice;

B. Awarding Calray judgment on its counterclaim in an amount to be determined but not less than $75,000; and for punitive damages in the amount of $1,000,000;

C. Awarding Calray its costs, disbursements and reasonable attorneys' fees; and

D. Awarding Calray such other and further relief that the Court deems just and appropriate.

Dated: New York, NY
      January 2, 2008

ROSENSTEEL & BECKMANN LLC

By: _____
Bruce H. Beckmann (BB-2952)

                                        90 Park Avenue – Suite 1710
                                      New York, NY 10016
                                      Tel. (212) 808-4848

                                      *(Attorneys for Defendant)*

TO:   Sharif A. Lawson, Sr.
       Plaintiff *Pro Se*
       599 Walton Avenue (3d Fl)
       Bronx, NY 10451
       Tel. (212) 234-5515

## CERTIFICATE OF SERVICE

The undersigned, attorney of record for plaintiff, hereby certifies that a true copy of the within Defendant Calray Gas Heat Corp.'s Answer to the Amended Complaint was served by regular mail upon Sharif A. Lawson, Sr., Plaintiff *pro se*, this 2nd day of January, 2008.

_____
BRUCE H. BECKMANN (BB-2952)